**LAW OFFICES OF WILLIAM R. McGEE, APLC**
Kevin A. Alexander II, State Bar No. 034578
Kevin.LemonLaw@gmail.com
701 Palomar Airport Road, Suite 250
Carlsbad, California 92011
T: (760) 438-1047
F: (760) 438-1056

Attorney for Plaintiffs

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Carol S. Harbeson and Richard Harbeson, | Case No.: |
| Plaintiffs, | COMPLAINT FOR RESTITUTION AND DAMAGES |
| v. | [VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT AND VIOLATION OF THE ARIZONA MOTOR VEHICLE WARRANTIES ACT] |
| Nissan North America, Inc., | |
| Defendant. | |
| | DEMAND FOR JURY TRIAL |

TO THIS HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:

Carol S. Harbeson and Richard Harbeson (hereinafter "Plaintiffs") allege as follows:

## JURISDICTION

1. The District Court has jurisdiction to hear this matter under 28 U.S.C. section 1331 as there is a federal question pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. section 2301 *et seq.* (hereinafter "Mag-Moss" of "Federal Lemon Law").

2. Jurisdiction over Plaintiffs' A.R.S. section 44-1261 *et seq.* state claim is proper under 28 U.S. Code section 1367 as there is pendent jurisdiction in that all claims share a common nucleus of operative fact.

3. Plaintiffs are citizens of the State of Arizona, residing in Maricopa County.

4. Plaintiffs are informed and believe, and thereon allege, that at all times herein, Nissan North America, Inc. (hereinafter "Defendant") is and was a foreign corporation and registered to do business in the State of Arizona and doing business in the County where Plaintiffs reside thereby making venue appropriate.

1 - *COMPLAINT*

## **GENERAL ALLEGATIONS**

5. Plaintiffs reallege and incorporates by reference paragraphs 1-4 in this Complaint.

6. Plaintiffs are informed and believe, and thereon allege, that Defendant is engaged in the manufacture, sale, supply and distribution of motor vehicles and attendant warranties. Defendant supplies its products and services to the Arizona consuming public through its authorized dealerships. Plaintiffs are further informed and believe, and thereon allege, that Defendant is the proper corporate entity defendant in the instant lawsuit.

7. Defendant is subject to the provisions of the Mag-Moss and A.R.S. section 44-1261 *et seq.*, the Motor Vehicles Warranty Act (hereinafter the "Arizona Lemon Law").

8. On or about February 9, 2018, Plaintiffs purchased and/or leased a 2017 Nissan Sentra, vehicle identification number 3N1AB7AP4HY286653 (hereinafter the "Subject Vehicle").

9. In connections with Plaintiffs' purchase of the Subject Vehicle, Defendant issued and supplied Plaintiffs with its written warranty.

10. The Subject Vehicle suffered from many different serious defect(s) and nonconformity(s) to warranty, included but not limited to the engine and air conditioning system. The forgoing defect(s) and nonconformity(s) to warranty manifested themselves within the applicable express warranty.

11. Plaintiffs delivered the Subject Vehicle to Defendant's authorized service and repair facility for repair of the aforementioned nonconformity(s) on numerous occasions.

12. Defendant has not and/or has refused to conform the Subject Vehicle to the applicable express and implied warranties after a reasonable number of attempts. The Subject Vehicle remains defective and nonconforming.

13. Plaintiff is a "consumer" pursuant to Mag-Moss and Arizona Lemon Law.

14. The Subject Vehicle is a "consumer product" pursuant to Mag-Moss and a "motor vehicle" pursuant to the Arizona Lemon Law.

///

15. Defendant is a "supplier," "warrantor," and/or manufacturer pursuant to Mag-Moss and the Arizona Lemon Law.

16. Defendant issued a warranty to Plaintiffs, which is a "written warranty" pursuant to Mag-Moss and the Arizona Lemon Law.

## COUNT 1 - BREACH OF WRITTEN WARRANTY PURUSAUNT TO MAG-MOSS

17. Plaintiffs reallege and incorporates by reference paragraphs 1-16 in this Complaint.

18. By failure of Defendant to timely remedy the defects as alleged above, or to issue an refund or replacement, Defendant is in breach of its obligations under Mag-Moss.

19. Plaintiffs are entitled to revoke acceptance of the Subject Vehicle under Mag-Moss.

20. Plaintiffs are entitled to all incidental, consequential and general damages resulting from Defendant's failure to comply with its obligations under Mag-Moss.

21. Plaintiffs are entitled to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorneys' fees, reasonably incurred in connection with the commencement and prosecution of this action.

22. WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:
   a. For rescission of the contract and restitution of all consideration;
   b. For actual compensatory and general damages according to proof at time of trial;
   c. Prejudgment interest from date of rescission;
   d. For attorneys' fees incurred herein according to proof;
   e. For costs of suit incurred herein; and
   f. For such other and further relief as the Court deems just and proper.

## COUNT 2 - VIOLATION OF THE ARIZONA LEMON LAW

23. Plaintiffs reallege and incorporates by reference paragraphs 1-22 in this Complaint.

///

24. By failure of Defendant to timely remedy the defects as alleged above, or to issue an refund or replacement, Defendant is in breach of its obligations under the Arizona Lemon Law.

25. Plaintiffs are entitled to revoke acceptance of the Subject Vehicle under Arizona Lemon Law.

26. Plaintiffs are entitled to all incidental, consequential and general damages resulting from Defendant's failure to comply with its obligations under Arizona Lemon Law.

27. Plaintiffs are entitled to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorneys' fees, reasonably incurred in connection with the commencement and prosecution of this action.

28. WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

    a. For rescission of the contract and restitution of all consideration;

    b. For actual compensatory and general damages according to proof at time of trial;

    c. Prejudgment interest from date of rescission;

    d. For attorneys' fees incurred herein according to proof;

    e. For costs of suit incurred herein; and

    f. For such other and further relief as the Court deems just and proper.

**DATED:** July 10, 2019          **LAW OFFICES OF WILLIAM R. McGEE**

By:   /s/ Kevin A. Alexander II
       **KEVIN A. ALEXANDER II**
       Attorney for Plaintiff